IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| DRAKAAR L. MALONE,  *Plaintiff*,  v.  CAPTAIN OWENS, NURSE MARY, NURSE PRACTITIONER, NURSE BRITTNEY  *Defendants.* | Case No.: 24-cv-50024  JUDGE IAIN D. JOHNSTON |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Drakaar L. Malone alleges that the medical staff at the Winnebago County Justice Center failed to take the proper steps to address his medical needs during his pretrial detention. Defendant Timothy Owens and Defendants Sperry and Lolli separately moved to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons explained below, those motions are granted as to Defendant Lolli and denied for Defendants Owens and Sperry.

**LEGAL STANDARD**

A Rule 12(b)(6) motion to dismiss challenges the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). Under Rule 8, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," and is sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662,

1

678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Boucher v. Fin. Sys. Of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the plaintiff. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018). The moving party bears the burden of showing entitlement to dismissal by establishing the insufficiency of the plaintiff's allegations. *Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021) (citing *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020)).

Malone describes his cause of action as "medical neglect; cruel and unusual punishment." Dkt. 11, at 4. However, this is a misnomer. A pretrial detainee "may not be punished prior to an adjudication of guilt," cruelly and unusually or otherwise. *Bell v. Wolfish*, 441 U.S. 520, 535, 99 S. Ct. 1861 (1979). Thus, a pretrial detainee's inadequate medical care is a due process violation rather than an infliction of cruel and unusual punishment in violation of the Eighth Amendment. Despite Malone's wording, "an incorrect [legal] theory is not a fatal error." *Rabe v. United Air Lines, Inc.*, 636 F.3d 866, 872 (7th Cir. 2011).

Yet, the distinction between Eighth Amendment cruel and unusual punishment claims and Fourteenth Amendment due process claims is an important one to make. The different language in these Amendments means that, while a convicted inmate must show subjective intent, "a pretrial detainee must show only

2

that" the medical care purposefully, knowingly, or recklessly given to him "was *objectively* unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 396, 135 S. Ct. 2466 (2015) (emphasis added).

## BACKGROUND

Malone was incarcerated at the Winnebago County Justice Center from September 2020, until he was released on a recognizance bond on January 22, 2022. Dkt. 11, at 4, 7. Malone was housed in the medical care unit while there. *Id.* at 5. In December 2021, Malone notified Sperry[1] of an abscess on his right buttocks which she recommended treating with gauze. *Id.* When this treatment gave Malone no relief, he brought his complaints to another nurse who recommended bandages and, after further complaints, antibiotics. *Id.* With still no relief, Malone complained to the head nurse who ordered that he be taken to the hospital where it was determined he had MRSA,[2] staphylococcus, and septic. *Id.* at 6. Malone had emergency surgery to manage the infection followed by another surgery when the infection returned. *Id.* Hospital staff informed Malone that he would not have needed surgery if the infection had been properly treated by the prison medical staff. *Id.* While recovering in the hospital, Owens informed Malone that his medical needs were beyond the capabilities of the prison staff so, with Malone's agreement, he would be released on recognizance. *Id.* at 7. Since being released from custody on January 22, 2022, Malone underwent several more related surgeries. *Id.*

---

[1] Nurse Mary, as she is referred to in Malone's complaint, will be referenced as Sperry for the sake of clarity.
[2] Plaintiff describes this condition as "mercer" which the Court takes to be a reference to MRSA, an antibiotic-resistant form of staphylococcus.

## DISCUSSION

All three defendants have moved to dismiss the claims brought against them.³ As Malone does not object to Defendant Lolli's dismissal, the Court grants her motion to dismiss. Defendants Owens and Sperry are thus the only remaining identified defendants.

### A. Statute of Limitations

Sperry argues that Malone's claim is untimely because he filed this suit on January 18, 2024, more than two years after he knew or should have known of the injury allegedly caused by Sperry's neglect. Dkt. 31, at 5. Neither the Constitution nor 42 U.S.C. § 1983 includes an express statute of limitations. Federal courts then look to the state in which the federal claim arose to determine the appropriate limitations period. *Wallace v. Kato*, 549 U.S. 384, 387, 127 S.Ct. 1091 (2007). For a medical negligence claim in Illinois, the statute of limitations runs two years from the time the action accrued. 735 ILCS 5/13-202. However, the statute of limitations is an affirmative defense, "not something the plaintiff must anticipate and negate in [his] pleading." *Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 435, 137 S.Ct. 1975 (2017); Fed. R. Civ. P. 8(c)(1).

Because the statute of limitations is an affirmative defense, courts generally do not dismiss claims under Rule 12(b)(6) for failure to be brought within the statute of limitations. *Chi. Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613

---

³ Owens filed a motion to dismiss individually [21] and Sperry and Lolli filed a joint motion to dismiss [30].

(7th Cir. 2014) (citing *U.S. v. N. Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004)). "The proper way to seek dismissal based on an affirmative defense under most circumstances is not to move to dismiss under Rule 12(b)(6) for failure to state a claim. Rather, the defendant should answer and then move under Rule 12(c) for judgment on the pleadings." *Burton v. Ghosh*, 961 F.3d 960, 964-65 (7th Cir. 2020). A statute of limitations defense then is only appropriate in a 12(b)(6) motion where the allegations set forth everything necessary to satisfy the affirmative defense. *Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 847 (7th Cir. 2008).

If there is "*any* set of facts that if proven would establish a defense to the statute of limitations," then a motion to dismiss should be denied. *Clark v. City of Braidwood*, 318 F.3d 764, 768 (7th Cir. 2003). Thus, dismissal based on the affirmative defense of statute of limitations is rare because it "typically turn[s] on facts not before the court at [this] stage." *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). This case is no different.

Here, the parties agree that the applicable statute of limitations is two years. They do not, however, agree when the statute of limitations began running. Sperry believes that it began on December 31, 2021 "at the latest." Dkt. 31, at 4. On the other hand, Malone argues that he did not become "aware of the actual injuries" until January 14, 2021, and the discovery rule kept the injury from accruing for even longer. Dkt. 36, at 2-4. Beyond this, Malone explains that even these dates are only those put forth by Defendants' records which may require further discovery to confirm. *Id.* at 6. These allegations set forth by Malone provide a set of facts that

5

*could* overcome a statute of limitations defense. *See Clark*, 318 F.3d at 768 (reversing dismissal when the "possibility exists" that a defense to the statute of limitations could be proven). Therefore, Sperry's motion to dismiss for timeliness is denied.

**B. Claim against Sperry**

A pretrial detainee's claim for inadequate medical care requires a showing of (1) an objectively serious medical need that (2) the defendants responded to the medical need "purposefully, knowingly, or perhaps even recklessly" (3) in an objectively unreasonable manner. *Williams v. Ortiz*, 937 F.3d 936, 942-43 (7th Cir. 2019). Sperry challenged the sufficiency of pleading each of these elements. Dkt. 31, at 7.

"An objectively serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012) (quoting *Zentmyer v. Kendall Cnty.*, 220 F.3d 805, 810 (7th Cir. 2000)). Malone's complaint describes the initial medical need as "abscess/boil on his right buttocks." Dkt. 11, at 5. The Court has no reason to believe this is not a serious medical condition. It is certainly one that "has been diagnosed by a physician as mandating treatment" considering Malone's complaint goes on to explain that Sperry herself gave Malone a treatment plan. Therefore, the Court finds Sperry's argument that Malone failed to plead an objectively serious medical condition unconvincing.

Sperry also argued that Malone failed to allege that she "act[ed] purposefully, knowingly, or recklessly . . . and disregarded his alleged medical condition." Dkt. 31, at 7. However, this is not an accurate statement of this standard but, without explanation, adds another requirement that Malone must allege Sperry's disregard. This knowledge element does not require an allegation of purposeful or knowledgeable unreasonableness; it only requires an allegation of purpose or knowledge in the act itself. *See Kingsley*, 576 U.S. at 396 (explaining that a taser going off accidentally would not constitute a knowing act but deliberate force would). Here, Malone asserts that Sperry recommended gauze to treat his abscess, and the Court is not inclined to infer that she did this accidentally. By plausibly alleging that Sperry gave any sort of treatment in response to Malone's concern, this knowledge element has been sufficiently pled.

Finally, an objectively unreasonable medical decision is one which goes "against accepted professional standards." *Holloway v. Delaware County Sheriff*, 700 F.3d 1063, 1074 (7th Cir. 2012). Malone's complaint, taking all the facts as true, shows that Sperry's actions were objectively unreasonable. Malone explained that the hospital staff told him that he could have avoided surgery if the "jail medical staff [had] taken the proper steps to address his medical needs." Dkt. 11, at 6. The reasonable inference from this statement is, of course, that the jail medical staff did *not* take the proper steps and instead went against accepted medical standards. Thus, Malone has sufficiently pled that Sperry's treatment of Malone was objectively unreasonable. Therefore, Sperry's motion to dismiss is denied.

7

### C. Claim against Owens

In response to Owens' motion to dismiss, Malone made new allegations for the first time, including Owens' knowledge of Malone's grievances and Owens' failure to respond appropriately to said grievances. These allegations do not appear on the face of Malone's well-pleaded complaint and, for that reason alone, Owens asks the Court to either convert his motion into a motion for summary judgment or to exclude the new information. Owens is correct in noting that presenting new allegations in responsive pleadings is far from best practice, but best practices are not universal law.

Plaintiffs need not articulate their claims with razor-sharp precision to survive motions to dismiss. As the Seventh Circuit has repeatedly noted, "fact pleading is not required in federal court." *Weiss v. Cooley*, 230 F.3d 1027, 1033 (7th Cir. 2000); *see also Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998). Instead, plaintiffs reserve the right to "supplement the complaint with factual narration in an affidavit or brief." *Albiero v. City of Kankakee*, 122 F.3d 417, 419 (7th Cir. 1997). "This rule is necessary to give plaintiffs the benefit of the broad standard for surviving a Rule 12(b)(6) motion . . . ." *Dawson v. Gen. Motors Corp.*, 977 F.2d 369, 372 (7th Cir. 1992). And it only has one limit: plaintiffs cannot amend their complaints in a responsive pleading. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreens Co.*, 631 F.3d 436, 448 (7th Cir. 2011).

Therein lies a question for the ages. What's the difference between refining an existing allegation and amending a previous pleading? Fortunately, the Seventh Circuit has drawn a line in the sand:

> [A] plaintiff is free, in defending against a motion to dismiss, to allege without evidentiary support any facts he pleases that are consistent with the complaint, in order to show that there is a state of facts within the scope of the complaint that if proved (a matter for trial) would entitle him to judgment.

*Orthmann v. Apple River Campground, Inc.*, 757 F.2d 909, 915 (7th Cir. 1985).

In pleading, as in the old adage, consistency is key. *Smith v. Dart*, 803 F.3d 304, 311 (7th Cir. 2015) ("We have held that facts alleged by a plaintiff in a brief in opposition to a motion to dismiss may be considered when evaluating the sufficiency of a complaint so long as they are *consistent* of the allegations in the complaint.") (emphasis added) (internal quotation omitted); *see also Gutierrez v. Peters*, 111 F.3d 1364, 1367 (7th Cir. 1997) (collecting cases). The question is not whether Malone added allegations to his reply brief, as Owens suggests, but whether the allegations have stayed consistent across all pleadings.

Neither of Malone's new allegations – Owens' knowledge of grievances and his failure to respond to those grievances – is inconsistent with anything in Malone's complaint. Thus, the Court will consider these new allegations in its ruling.

Because, as discussed above, Malone has already sufficiently pled an objectively serious medical need, the only remaining elements are that of knowledge, purpose, or recklessness and objective unreasonableness. In his response, Malone

9

clearly explains that he filed grievances to which Owens responded. Dkt. 37, at 2-3. Malone also explained that these grievances were ignored by Owens, implying knowledgeable action or, more accurately, knowledgeable inaction. The only remaining question then is whether Malone has sufficiently pled that Owens' inaction was objectively unreasonable.

Owens, a non-medical jail staff member, is certainly "entitled to relegate to the prison's medical staff the provision of good medical care." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). This does not, however, mean that Owens is completely immune to claims such as this one any time medical staff is involved. In fact, supervisory prison officials like Owens can still be found liable for inadequate medical care when "the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong." *Colon v. Coughlin*, 58 F.3d 865, 873 (7th Cir. 1995).

As explained above, Malone has sufficiently pled that unconstitutional acts were occurring and that Owens, through Malone's grievances, was aware of these acts. Because, as Malone alleges, Owens "constantly justified or ignored providing any remedy," Owens failed to remedy this violation. Dkt. 37, at 4. Stressing that we are still in the pleading stage, Malone has sufficiently pled Owens' personal liability. Therefore, Owens' motion to dismiss is denied.

## CONCLUSION

For the foregoing reasons, Defendants Lolli and Sperry's motion to dismiss is denied in part and granted in part while Defendant Owens' motion to dismiss is denied in its entirety.

Entered: _4/22/2025_____       By: _____
                                        Iain D. Johnston
                                        U.S. District Judge